**FILED**

JAN 3 0 2007



UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| PHILLIP WOODWARD, | CIV. 04-4167 |
| Plaintiff, | |
| vs. | |
| ROBERT DOOLEY, individually as Warden Mike Durfee State Prison, Springfield, SD; SALLY BOYD, individually as Captain of Mike Durfee State Prison; SUSAN JACOBS, individually as Unit Manager of Mike Durfee State Prison; MR. MULLER, individually, as Unit Manager of Mike Durfee State Prison; MR. COGAN, individually as Corporal of Mike Durfee State Prison; VELMA SUDBECK, individually as Counselor of Mike Durfee State Prison; SHARON VAN OSTEL, individually as Counselor of Mike Durfee State Prison; | ORDER on MOTIONS |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending are two motions to amend (Doc. 46 and Doc. 48) by Plaintiff. If granted, ten new Defendants (the South Dakota State Penitentiary "SDSP" Defendants) and corresponding new claims would be added to this lawsuit. Plaintiff has also made two motions for discovery (Doc. 47 and Doc. 49). The current Defendants (the Mike Durfee State Penitentiary "MDSP" Defendants) have moved for summary judgment (Doc. 60). The matter has been fully briefed. The MDSP Defendants have moved (Doc. 66) to strike Plaintiff's brief opposing summary judgment because it exceeds the page limit established by Local Rule 7.2(B). The Plaintiff's motions to amend and discovery motions and the Defendants' motion to strike will be addressed by this Order. The summary judgment issue will be addressed later in a separate Report and Recommendation to the District Court.

## BACKGROUND

The alleged incidents giving rise to this § 1983 lawsuit were the subject of a previous § 1983 lawsuit by the Plaintiff which was dismissed by Judge Battey (CIV. 04-4122). Mr. Woodward claimed in the previous suit that, while imprisoned at the Mike Durfee State Prison in Springfield, South Dakota, he was attacked by his cell mate on July 2, 2002, and that because of the circumstances leading up to and following the attack, the prison officials at Mike Durfee State Prison failed to protect him from serious risk of physical harm. Judge Battey dismissed the first lawsuit. Judge Battey determined Mr. Woodward failed to sue the Defendants in their individual capacities, and failed to state a claim against the Defendants in their official capacities.

In this lawsuit, Mr. Woodward has made allegations similar to those he made in the first lawsuit, against most of the same Defendants. He has sued the Defendants in their individual capacities. He again alleges they failed to protect him from the risk of serious physical injury during his incarceration at Mike Durfee State Prison. Because Mr. Woodward attempted to correct the defects which resulted in the dismissal of his first lawsuit, this case survived screening and was served upon the Defendants. See Doc. 22.

In March, 2004, Mr. Woodward was transferred from Mike Durfee State Prison to the South Dakota State Penitentiary in Sioux Falls, South Dakota. After he re-filed his lawsuit against the Mike Durfee officials and it was served upon them[1] the Court entered a Rule 16 Scheduling Order, (Doc. 42) which set August 7, 2006 as the deadline for amending pleadings and adding parties. The discovery deadline was November 6, 2006, and the motion deadline was December 21, 2006. Thereafter, on July 20, 2006, Plaintiff filed another thirty-nine page "Complaint" (Doc. 46) which was construed as a motion to amend to add ten new party Defendants–all officials at the South Dakota State Penitentiary in Sioux Falls. On August 25, 2006, Plaintiff filed yet another "Supplemental Complaint" (Doc. 48) seeking injunctive relief against some of the ten new Defendants he seeks to add to the lawsuit in his motion to amend.

Plaintiff has also filed two discovery motions (Doc. 47 and Doc. 49). Both motions include requests for the Court to order production of documents regarding incidents during Plaintiff's incarceration at both Mike Durfee and the South Dakota State Penitentiary.

---

[1]Potential Defendant Sharon Van Ostel has never been served. She is no longer employed by Mike Durfee State Prison. See Doc. 36.

## DISCUSSION

### Motions to Amend (Docs. 46 and 48)

F. R. Civ. P. 15 (a) provides in part:

> [A] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

"The Supreme Court has interpreted this to mean that absent good reason for denial--such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment--leave to amend should be granted." Brown v. Wallace, 957 F.2d 564, 565-66 (8th Cir. 1992). A liberal amendment policy does not equate an absolute right to amend. Popp Telcom v. American Sharecom, Inc., 210 F.3d 928, 943 (8th Cir. 2000). The district court's decision whether to allow amendment is reviewed for an abuse of discretion. Id. See also, United States v. Casino Magic Corp., 293 F.3d 419 (8th Cir. 2002) (no abuse of discretion to refuse proposed amendment adding new party where case had been pending for two and one half years and adding new defendant would "extend the matter indefinitely.").

In this case, allowing the addition of new claims against ten new Defendants from a different institution would impose additional discovery requirements and would further delay resolution of Plaintiff's claim against the Mike Durfee Defendants. See Moses.Com Securities, Inc. v. Comprehensive Software Systems, Inc., 406 F.3d 1052, 1066 (8th Cir. 2005) ("the district court also reasonably rejected the addition of seven new defendants, finding that prejudice would result . . . and adding seven new parties . . . would certainly impose additional discovery requirements and would further delay the conclusion of the case.")(internal citation omitted). The current parties have already completed discovery and briefed their summary judgment arguments. It would be prejudicial, therefore, to add ten new defendants to the pending lawsuit.[2] That the first motion to amend was made within the time prescribed by the scheduling order does not preclude such a finding, because the date set by the scheduling order merely prescribes the date by which motions to amend "shall" be filed. Moses.Com, at 1066.

Plaintiff's second motion to amend (Doc. 48) requests injunctive relief against the ten

---

[2]Plaintiff is not without a remedy against the potential SDSP Defendants. If he wishes to pursue his claims against them, he may choose to start a separate § 1983 lawsuit.

proposed new SDSP Defendants in the form of a "single cell, single rec period while housed in ad-seg and his legal documents are not to be removed from his possession for any reason, to include being transported to other units. That the Plaintiff be permitted to carry his legal documents with him while being transported. If the correctional staff wishes to inspect the documents for contraband they may do so in the presence of the Plaintiff. The Plaintiff requests any other relief the court deems fair." Because the parties against whom the Plaintiff seeks injunctive relief will not be added as Defendants to the pending litigation, the issue is moot. However, the Court notes "the burden of proving that a preliminary injunction should be issued rests entirely with the movant." Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995). But in a prison context, a request for injunctive relief must "always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." Id.

Because Plaintiff's motions to amend (Docs. 46 and 48) seek to not only supplement the claims against the existing Mike Durfee Defendants, but also to add new claims and ten new parties against officials at a different institution (the SDSP) the result would be the protraction of this litigation. The case has already been once dismissed and re-filed and is now at the summary judgment stage. If Plaintiff wishes to seek redress against the potential SDSP Defendants, he may do so in a separate proceeding. For these reasons, Plaintiff's motions to amend (Docs. 46 and 48) will be DENIED.

### Plaintiff's Discovery Motions (Doc. 47 and Doc. 49)

#### 1. Doc. 47

Plaintiff filed Doc. 47, entitled "Motion for Discovery," requesting several documents pertaining to his claims against the Mike Durfee Defendants. The Defendants construed Doc. 47 as Plaintiff's Second Request for Production of Documents. It appears the Plaintiff requested some of the same documents from the Mike Durfee Defendants through a letter to their attorney dated July 12, 2006, which the Defendants construed as Plaintiff's First Request for Production of Documents. The Defendants responded to both of Plaintiff's discovery requests on August 21, 2006. See attachment to Doc. 49. The Defendants had not yet responded to the discovery requests contained in Doc. 47 when Plaintiff filed it with the Court. In Doc. 47, Plaintiff stated, "Plaintiff was informed he must request all discovery by motion to the Court and brings this request to move the Court to order the Defendant to produce the following documents." Plaintiff then listed the documents requested in the document Defendants construed as a Second Request for Production of Documents.

4

Discovery requests should be initially served upon opposing parties. See Fed. R. Civ. P. 33 and 34 and this Court's Order for Service (Doc. 22). The Court's involvement should be requested only if the parties are unable to unable to reach agreement with each other about the discovery responses. See Fed. R. Civ. P. 37. It appears Plaintiff filed Doc. 47 with the Court because he believed he was required to do so in order for Defendants to answer his discovery request. The Defendants apparently answered the request voluntarily (Defendants Response to Plaintiff's First Request for Production of Documents. Defendants' Responses to Plaintiff's Motion for Discovery, Construed as Plaintiff's Second Request for Production of Documents) on August 21, 2006. Plaintiff's Motion for Discovery (Doc. 47) will therefore be DENIED as moot.

### 2. Doc. 49

Plaintiff filed Doc. 49 after the Defendants responded to his first two discovery requests. Plaintiff attached copies of the Defendants' responses, and labeled Doc. 49 "Third Request for Production of Documents, Photos of Plaintiff's Injury and Testimony, Any Statements By Inmates or Staff." It does not appear Plaintiff complied or attempted to comply with the requirements of Fed. R. Civ. P. 37 before he filed Doc. 49. Nonetheless, the substance of the motion will be briefly reviewed. The documents Plaintiff requested in Requests Nos. 1-3 had already been requested in his earlier Requests for Production. An adequate response has been provided by Defendants (First Request for Production of Documents, Request No. 1, Response attached Ex. A).[3] It appears, however, that Defendants have not produced copies of the photographs of the scene of the July 2, 2002 incident nor of Mr. Woodward's injuries. (Plaintiff has requested the photographs in all three of his document requests). The Affidavit of Sally Boyd (Doc. 64), EX A contains copies of documents pertaining to the July 2 incident. EX A includes an incident report which states that photographs of the scene and Mr. Woodward's injuries were taken. The Court has also reviewed the Affidavit of Nathan Olson (Doc. 63) with Exhibits A (institutional file), B (medical records and mental health records), C (transfer records), D (DOC policy 1.4.B.2), E (DOC policy 1.3.E.2). The photographs are not included in any of those exhibits. The Defendants have not provided an explanation why the photographs have not been produced. Defendants shall, within five (5) days of the date of this order, provide to Plaintiff and the Court copies of the photographs which are

---

[3]Plaintiff attached copies of the Defendants' Responses to his discovery requests, but not the attachments. He indicated the attachments consisted of over 600 pages of materials.

referenced in EX A to Sally Boyd's Affidavit (Doc. 64).

Plaintiff's Request No. 4 asks for a copy of Defendant Sally Boyd's October 30, 2002, grand jury testimony concerning inmate Richard Garcia's assault upon Plaintiff. The Defendants indicated they do not have any documents responsive to this request. See Response to Request No. 2 (First Request for Production of Documents), Response to Request No. 3B (Second Request for Production of Documents). Also, SDCL 23A-5-16 provides in part:

> **23A-6-16   (Rule   6(e)   Restrictions   on   disclosure   of   grand   jury proceedings–immunity of jurors–Sealing of indictments**
> Disclosure of matters occurring before a grand jury, other than its deliberations and the vote of any juror, may be made to prosecuting attorneys for use in the performance of their duties. Otherwise a juror, attorney, witness, interpreter, stenographer, operator of a recording device, or any typist who transcribes recorded testimony may disclose matters occurring before the grand jury only when directed by the circuit court preliminary to or in connection with a judicial proceeding or when permitted by the circuit court at the request of a defendant upon a showing that grounds may exist for a motion to dismiss an indictment because of matters occurring before a grand jury. . . . . No obligation of secrecy may be imposed upon any person except in accordance with this section . . .

Given the generally secret nature of grand jury proceedings, therefore, it is not unusual that the Mike Durfee Defendants do not possess documents responsive to Plaintiff's requests regarding the grand jury proceedings in Bon Homme County.

Plaintiff's Request for Production Nos. 5-6 request information regarding the claims he seeks to add against the SDSP Defendants. Because those claims will not be joined in this suit, the documents are not relevant to this proceeding.

Plaintiff's Request for Production No. 7 requests information regarding his transfer from Mike Durfee to the South Dakota State Penitentiary. Plaintiff requested the same documents in his first Request for Production of Documents, Request No. 4. Defendants answered the request and attached responsive documents as Exhibit C. The Defendants will not be required to provide any further response.

**Defendants' Motion to Strike (Doc. 66)**

Defendants move to strike (Doc. 66) Plaintiff's brief in opposition to their summary judgment motion (Doc. 65) because it exceeds the twenty-five (25) page limit established by L.R. 7.2(B). "[P]ro se pleadings are to be construed liberally, [but] pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir.

1984). Because the Plaintiff's submission is handwritten rather than typewritten, however, his brief will not be stricken from the record.

## CONCLUSION and ORDER

Plaintiff's claims against the Mike Durfee Defendants are ripe for decision. He first brought these claims in a lawsuit (Civ. 04-4122) which was dismissed on screening by Judge Battey. Plaintiff re-filed substantially the same claims against most of the same Defendants, and the undersigned ordered the case to be served on the Mike Durfee Defendants. The liberality of Rule 15(a) does not require allowance of the addition of new claims against ten new Defendants at a different institution (the SDSP in Sioux Falls) when such an addition would prolong the litigation against the current parties. Plaintiff's discovery motions request production of documents which have either already been produced by the current defendants, are not in their possession, or seek production of documents which pertain to potential claims or defendants which will not be added to the current litigation. It is apparent, however, that the photographs Plaintiff seeks in all three of his document requests have not been produced by Defendants. EX A to Sally Boyd's Affidavit clearly states the photographs were taken. No explanation has been given as to why they have not been produced. While Plaintiff's brief in opposition to Defendant's motion to summary judgment exceeds the page limit set by local rule, Plaintiff's brief is handwritten rather than typewritten. The Court will consider Plaintiff's brief. Therefore, IT IS ORDERED:

(1) The Plaintiff's motions to amend (Docs. 46 and 48) are DENIED without prejudice to his right to assert said claims in a separate suit;

(2) Plaintiff's motions for discovery (Docs. 47 and 49) are DENIED except that Defendants shall produce copies the photographs referenced in EX A to Sally Boyd's Affidavit (Doc. 64). The copies shall provided to the Plaintiff and the Court within five working days of the date of this Order.

(3) Defendants' motion to strike Plaintiff's brief (Doc. 66) is DENIED;

(4) Defendants' motion for summary judgment will be addressed separately in a report and recommendation to the District Court.

Dated this 30th day of January, 2007.

BY THE COURT:

/s/ John Simko<br>
John E. Simko<br>
United States Magistrate Judge

ATTEST:

JOSEPH HAAS, CLERK

By: /s/ Sharon Lutz , Deputy

(SEAL)

8